(Reap. Dec. 10255)

THE AKRON ET AL. v. UNITED STATES

Entry No. 29081, etc.

(Decided May 15, 1962)

*Stein & Shostak (Marjorie M. Shostak* of counsel) for the plaintiffs.

*William H. Orrick, Jr.,* Assistant Attorney General *(James F. O'Hara,* trial attorney), for the defendant.

DONLON, Judge: On call of these cases at the term of court in Los Angeles on February 2, 1962, counsel stipulated, in open court, that the merchandise covered by the entries in the appeals for reappraisement listed in schedule A, attached to and made a part of this decision, was entered after February 27, 1958, the effective date of the final list published by the Secretary of the Treasury, T.D. 54521, under section 6(a) of the Customs Simplification Act of 1956, 70 Stat. 943, T.D.

54165. The cases were submitted on a further written stipulation of counsel for the parties, filed of record, as follows:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the respective parties hereto, subject to the approval of the Court, as to the merchandise on the invoices of Nikkatsu Sangyo Company, covered by the entries the subject of the appeals for reappraisement enumerated in the attached Schedule of Cases, which is incorporated herein, that, on the dates of exportation thereof to the United States, the market value or the price at which the such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, including the cost of all containers and coverings of whatever nature and all other costs, charges and expenses incident to placing the merchandise in condition packed ready for shipment to the United States, were the invoice unit values less the ocean freight and buying commission, as set out on the invoices.

IT IS FURTHER STIPULATED AND AGREED that as to any of the merchandise on the invoices of Nikkatsu Sangyo Company covered by the entries the subject of the appeals for reappraisement enumerated in the attached Schedule of Cases which is included in the list of articles designated by the Secretary of the Treasury in T.D. 54521 as provided for in Sec. 6(a) of the Customs Simplification Act of 1956, Public Law 927, 84th Congress, which is subject to appraisement under Sec. 402 of the Tariff Act of 1930 as amended by the Customs Administrative Act of 1938, that there were no higher foreign values for such or similar merchandise on the dates of exportation involved herein.

Accepting these two stipulations as an agreed statement of facts, I find and hold that export value, as defined in section 402 of the Tariff Act of 1930, effective on the dates the merchandise was entered or withdrawn from warehouse for consumption, is the proper basis for determination of the values of the merchandise on the invoices of Nikkatsu Sangyo Co., covered by the entries in these appeals for reappraisement, and that such values of the respective items of merchandise are the invoice unit values, less ocean freight and buying commission, all as shown on the invoices which are included in the official papers filed with the court in the several suits.

As to all other merchandise, these appeals for reappraisement are dismissed.

Judgment will be entered accordingly.